I respectfully disagree with the majority's finding that plaintiff's spinal arachnoid cyst and resulting myelomalacia are causally related to plaintiff's work injury.
The majority finds in Finding of Fact No. 23, based on Dr. Hipp's testimony in his second deposition, that plaintiff's work injury aggravated an asymptomatic arachnoid cyst. However, Dr. Hipp's testimony is not competent as a matter of law. In Young v. HickoryBusiness Furniture, the North Carolina Supreme Court held that, "in a case where the threshold question is the cause of a controversial medical condition, the maxim of `post hoc, ergopropter hoc,' is not competent evidence of causation."Young, 353 N.C. 227, 232, 538 S.E.2d 912, 916 (2000). In this case, Dr. Hipp testified in his first deposition that it was "possible" that an arachnoid cyst could be exacerbated or aggravated injury, but he could not give a degree of probability. During his second deposition, Dr. Hipp opined that plaintiff's pre-existing developmental arachnoid cyst had been asymptomatic, but became symptomatic as a result of trauma. When asked what would differentiate a situation in which a developmental arachnoid cyst becomes symptomatic on its own as opposed to as the result of trauma, Dr. Hipp agreed that there is nothing scientifically, beyond the temporal relationship between the onset of symptoms and the described event, that relates them.
In light of the foregoing, it is evident that Dr. Hipp had no scientific basis for changing his opinion regarding the causal relationship between plaintiff's spinal arachnoid cyst and *Page 17 
resulting myelomalacia, but rather, he engaged in speculation based on the logical fallacy of "post hoc, ergo property hoc."
 S/____________________ DIANNE C. SELLERS COMMISSIONER *Page 1